IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00811-KLM

METROPOLITAN LIFE INSURANCE COMPANY,

     Plaintiff,

v.

GEORGE H. JOHNSON,
JAMIE JOHNSON, and
JENNIFER JOHNSON,

     Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant George J. Johnson's ("Movant")

**Motion for Default Judgment Pursuant to Fed.R.Civ.P. 55(b) Against Co-Defendants**

**Jamie Johnson and Jennifer Johnson** [#34][1] and the **Brief in Support of Motion for**

**Default Judgment Pursuant to Fed.R.Civ.P. 55(b) Against Co-Defendants Jamie**

**Johnson and Jennifer Johnson** [#34-1] (collectively, the "Motion"). No response has

been filed and the deadline to do so has elapsed. The Court has reviewed the Motion, the

entire case file, and the applicable law and is sufficiently advised in the premises.[2] For the

reasons set forth below, the Motion [##34, 34-1] is **GRANTED**.

_____

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] The case has been referred to the undersigned for all purposes [#15] pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c), upon consent of the parties [#14].

## I. Background

Plaintiff commenced this action on March 19, 2014 by filing a Complaint In Interpleader [#1] ("Complaint").  Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331 "because this action arises under the law of the United States, specifically the Federal Employees' Group Life Insurance Act, 5 U[.] S[.] C[.] §§ 8701, *et seq.*" *Compl.* [#1] ¶ 5.  Plaintiff alleges that it insured Bruce R. Johnson (the "Decedent") through the Federal Employees' Group Life Insurance Policy (the "Policy").  *Id.* ¶ 7.  Plaintiff avers that following the Decedent's death, $342,000 in benefits became payable under the Policy.  *Id.* ¶ 12.  Plaintiff further states that it "cannot determine to whom the [ ] benefits should be paid based on the allegation that the [D]ecedent was not competent at the time he signed" a beneficiary designation on September 24, 2013.  *Id.* ¶¶ 15, 17.  Accordingly, Plaintiff sought to deposit the benefits into the Court's Registry for disbursement by the Court once the competing beneficiaries' dispute is resolved.  *See generally Metropolitan Life Insurance Company's Motion to Deposit Life Insurance Proceeds Into Registry of Court and for Discharge and Dismissal With Prejudice* [#11] (the "MetLife Motion").  In the MetLife Motion, Plaintiff also sought injunctive relief against the competing beneficiaries "[r]estraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against [Plaintiff] for the recovery of [the] Benefits, plus any applicable interest payable as a consequence of the death of the Decedent . . . ."  *Id.* at 5.  Plaintiff also sought "costs and attorney's fees, to be paid from the [ ] Benefits prior to deposit into the Registry of the Court" and sought to be discharged from this action with prejudice.  *Id.* at 6.  On September 2, 2014, the Court granted the MetLife Motion in part.  *Order* [#24] at 3-4.  The Court ordered Plaintiff to deposit the life

insurance benefits into the Court's Registry and held that "[u]pon deposit, Plaintiff shall be relived of any and all further liability relating to the payment of the Benefits resulting from the death of Bruce R. Johnson." *Id.* at 3.

Plaintiff named three Defendants: Movant, the Decedent's brother, and Jamie and Jennifer Johnson, the Decedent's daughters. Movant filed an Answer in which he agreed that the amount of Benefits due under the Policy is $342,000. *Answer* [#10] ¶ 12. Jamie and Jennifer Johnson were represented by counsel in this matter initially and consented to the jurisdiction of the Court, but have not responded to the Complaint. *See Consent Form* [#14] at 2; *Minute Order* [#17] at 1 (extending Jamie and Jennifer Johnson's deadline to respond to the Complaint to June 16, 2014); *see generally Motion for Extension of Time* [#16]; *Motion to Withdraw* [#18]; *Minute Order* [#19]. On September 16, 2014, the Court held a Status Conference in this matter. *See generally Courtroom Minutes/Minute Order* [#31]. Movant's counsel attended the Status Conference, as did Jennifer Johnson. *Id.* at 1. Ms. Johnson was "advised that she [had the opportunity to] file a Motion for Leave to File an Answer Out of Time and a proposed Answer **no later than September 23, 2014**." *Id.* (emphasis in original). Neither Jennifer Johnson nor Jamie Johnson filed a motion requesting leave to file an answer out of time or an answer.

On September 19, 2014, Plaintiff deposited $343,653.78 into the Court's Registry. *See generally Receipt* [#32].

On October 1, 2014, the Clerk of the Court entered default against Defendants Jamie and Jennifer Johnson. *See generally Clerk's Entry of Default* [#33].

## II. Analysis

Pursuant to Fed. R. Civ. P. 55, default may enter against parties who fail to appear or otherwise defend a lawsuit.   Here, Entry of Default [#33] was proper because Defendants Jennifer and Jamie Johnson failed to respond to Plaintiff's Complaint [#1]. Before proceeding with a default judgment, however, the Court normally must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment, and whether the amount of damages can be ascertained.   *See Grady v. Swisher*, No. 11-cv-02880-WYD-KLM, 2014 WL 3562794, at *5 (D. Colo. July 18, 2014).  In this case there is no dispute about the amount of benefits available under the Policy, so the Court's analysis addresses jurisdiction and whether there is a basis for entry of judgment.

### A.     Jurisdiction

In determining whether a default judgment is warranted, the Court must first consider whether it has jurisdiction over the subject matter and the parties against whom default judgment is sought.   *Dennis Garberg & Assocs., Inc., v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).  The Court must do so in consideration of the well-established rule that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action."   *United States v. 51 Pieces of Real Prop.,* 17 F.3d 1306, 1309 (10th Cir. 1994).

### 1.     Subject Matter Jurisdiction

Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States."   In the Complaint, Plaintiff alleges that "this action arises under the . . . Federal Employees' Group Life Insurance Act . . . ."   *Compl.* [#1] ¶ 5.   The Federal Employees' Group Life Insurance Act, 5 U.S.C. §§ 8701, *et seq.*, ("FEGLI") is a federal statute.   As alleged in the Complaint, the Decedent's Policy was issued pursuant to FEGLI and the proceeds became payable pursuant to FEGLI.   *Id.* ¶¶ 7, 12.   Accordingly, based on federal question jurisdiction, the Court finds that it has subject matter jurisdiction over this dispute.

### 2.   Personal Jurisdiction

In addition to subject matter jurisdiction, entry of a default judgment in a civil case requires personal jurisdiction over the parties against whom judgment is sought.   *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).   The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendants.   *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). As noted above, Jamie and Jennifer Johnson had counsel in this matter initially and consented to the jurisdiction of the Court, but have not responded to the Complaint.   *See Consent Form* [#14] at 2; *Minute Order* [#17] at 1 (extending Jamie and Jennifer Johnson's deadline to respond to the Complaint to June 16, 2014); *see generally Motion for Extension of Time* [#16]; *Motion to Withdraw* [#18]; *Minute Order* [#19].   In addition, their counsel executed a Waiver and Acceptance of Service [#30] prior to withdrawing.   The Court therefore finds that Jennifer and Jamie Johnson were properly served in compliance with Fed. R. Civ. P. 4.

Movant bears the burden of establishing personal jurisdiction.   *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).   Movant "need only make

a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is

decided only on the basis of the parties' affidavits and other written materials." *Dennis*

*Garberg & Assocs, Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

"Defects in personal jurisdiction . . . are not waived by default when a party fails to appear

or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (citing

*V.T.A., Inc. v Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979)).

> Thus, when entry of a default judgment is sought against a party who has
> failed to plead or otherwise defend, the district court has an affirmative duty
> to look into its jurisdiction both over the subject matter and the parties.  In
> reviewing its personal jurisdiction, the court does not assert a personal
> defense of the parties; rather, the court exercises its responsibility to
> determine that it has the power to enter the default judgment.

*Id.* at 1203.

> As explained by the Tenth Circuit,

> It is well settled that lack of personal jurisdiction is a privileged defense that
> can be waived "by failure to assert it seasonably, by formal submission in a
> cause, or by submission through conduct," *Neirbo Co. v. Bethlehem Corp.*,
> 308 U.S. 165, 168, (1939); *see also  Federal Deposit Ins. Corp. v. Oaklawn
> Apartments*, 959 F.2d 170, 176 (10th Cir. 1992) (noting that ""defendant may
> [not] halfway appear in a case, giving . . . the impression that he has been
> served, and [later] pull failure of service out of the hat like a rabbit'" (quoting
> *Broadcast Music, Inc. v. MTS Enters., Inc.*, 811 F.2d 278, 281 (5th Cir.
> 1987))); *Ziegler v. Akin*, 261 F.2d 88, 92 (10th Cir. 1958) (holding that
> voluntary appearance cures any defect in service).

*Morreale v. City of Cripple Creek*, 113 F.3d 1246, at *5 (10th Cir. 1997) (table decision).

Here, Defendants Jennifer and Jamie Johnson participated in this case by executing a

Waiver and Acceptance of Service [#30], executing a Consent Form [#14], and filing a

Motion for Extension of Time [#16].   In addition, Jennifer Johnson appeared at the

September 31, 2014 Status Conference.   *Courtroom Minutes/Minute Order* [#31] at 1.

Under Fed. R. Civ. P. 12(h), a defendant waives any objection based on personal

jurisdiction by filing a responsive pleading that does not contain an objection to personal jurisdiction. However, neither Jennifer nor Jamie Johnson filed a responsive pleading.

The Court has personal jurisdiction over residents of the state of Colorado because the District of Colorado encompasses the entire state. *See Dallas Buyers Club, LLC v. Cordova*, --- F.Supp.3d ---, 2015 WL 782988, at *7 (D. Colo. 2015) ("As Defendant resides in the District of Colorado, the Court has personal jurisdiction over him."). As explained above, regarding personal jurisdiction, Movant "need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 773. In the Complaint, Plaintiff alleges that Jennifer and Jamie Johnson are residents of Colorado. *Compl.* [#1] ¶¶ 3-4. Plaintiff's allegations in the Complaint are sufficient to satisfy the Court that it may exercise personal jurisdiction over Jennifer and Jamie Johnson. *See Satriano v. Countrywide Home Loans, Inc.*, No. 14-cv-02216-KLM, 2015 WL 1887260, at *3 (D. Colo. April 23, 2015) ("As alleged in the pleadings, the Subject Property is located in Colorado and Plaintiff resides in Colorado. *Compl.* [# 1] ¶¶ 1, 6. Service by publication was proper. Therefore, the Court is satisfied that it may exercise personal jurisdiction in this matter."); *United States v. Stock Asylum LLC*, No. 14-cv-01979-WJM-NYW, 2015 WL 638200, at *2 (D. Colo. Feb. 13, 2015) ("The Court further finds that it has personal jurisdiction over Defendants, as Stock Asylum is a Colorado limited liability corporation with its principal place of business in Boulder, Colorado and Defendant Rovtar resides in Boulder, Colorado. (Compl. ¶¶ 3–4.)"); *Evans v. Loveland Automotive Invs., Inc.*, No. 13-cv-02415-WJM-KMT, 2015 WL 161295, at *3 (D. Colo. Jan. 12, 2015) ("The Court also finds it has personal jurisdiction over the Defendants because, Plaintiffs allege, Defendant Pipe

is domiciled in Colorado, and Defendants Pipeline Auto Transport, Inc. and Loveland Automotive Investments, Inc. are incorporated and have their principal places of business in Colorado. (ECF No. 1 at ¶¶ 3–6.)").

## B.   Default Judgment

In the Motion, Movant seeks default judgment against Jennifer and Jamie Johnson and release of the funds deposited into the Court's Registry by Plaintiff to Movant. *Motion* [#34-1] at 4.  Even after a proper Entry of Default [#40], the Court must decide "'whether the unchallenged facts constitute a legitimate cause of action'" such that a judgment should be entered. *Bixler,* 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).  "'There must be a sufficient basis in the pleadings for the judgment entered.'"  *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation.  *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).  The Court deems the well-pled facts of the complaint to be true. *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009 WL 2055186, at *1 (D. Colo. 2009) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Undisputed facts set forth by the moving parties in affidavits and exhibits are also accepted as true. *Id.*

As alleged in the Complaint, "[o]n October 12, 2013 Geroge H. Johnson completed a claim for the FEGLI Benefits." *Compl.* [#1] ¶ 13; *Compl. Ex. C* [#1-3].  Further, "as a result of the Decedent's death" certain benefits became payable under the FEGLI Policy . . . ." *Id.* ¶ 12.  While the Complaint also alleges that Jennifer and Jamie Johnson "alleged that the Decedent was medically incapable of properly authorizing or executing" the Beneficiary designation that named Movant as the sole beneficiary, "the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Amoco Prod. Co. v. Aspen Group*, 59 F.Supp.2d 1112, 1116 (D. Colo. 1999) (quoting *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F.Supp. 197, 203 (S.D. Miss. 1993)).  As here, "if all but one named interpleader defendant default[s], the remaining defendant [is] entitled to the fund[s]."  *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984).  Here, as in *Combined Ins. Co. of Am. v. Glass*, No. 14-cv-01458-KMT, 2015 WL 996172, at *9-10 (D. Colo. Mar. 3, 2015), the Court finds that as the sole remaining interpleader Defendant, Movant is entitled to the Policy benefits.

### III.  Conclusion

Therefore, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [##34, 34-1] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall enter **JUDGMENT** in favor of Defendant George H. Johnson declaring that Defendants Jennifer and Jamie Johnson have defaulted in this interpleader action and have thereby waived any entitlement to payment of the proceeds of the benefits of the Federal Employees' Group Life Insurance

Policy payable as a result of the death of Bruce R. Johnson.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall distribute the funds deposited by Plaintiff into the Court's Registry, *see Receipt* [#32], in the amount of $343,653.78 to Defendant George H. Johnson.

As this Order resolves all remaining issues in this case,

IT IS FURTHER **ORDERED** that the Clerk of the Court shall close this case.

Dated:  April 29, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge